IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00135-RJC-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SAMUEL JAMES MCNEELY (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), or home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 146).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. Here, the defendant has not shown he first sought relief through the warden at his facility. Therefore, the Court is without authority to consider the merits of his claim. United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum

amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. See <u>United States v. Caudle</u>, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for compassionate release or home confinement, (Doc. No. 146), is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: May 18, 2020

Robert J. Conrad, Jr.
United States District Judge